**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| THAMES RESTAURANT GROUP, LLC, | : | Case No. 17-20052 (JJT) |
| | : | |
| | : | RE: ECF No. 32 |
| DEBTOR. | : | |

**RULING ON DEBTOR'S MOTION FOR**
**ORDER TO SHOW CAUSE FOR STAY VIOLATIONS**

I.   INTRODUCTION

The Debtor, Thames Restaurant Group, LLC ("Debtor"), filed a motion ("Motion," ECF No. 32) with this Court claiming a violation of the automatic stay by the Respondents Attorney Frank Liberty, and his client, Amy Mase (hereinafter, "Mortgagee"), the holder of the first mortgage on the property known as 111 Bank Street, New London, Connecticut. The claimed violations center on Attorney Liberty's filing of a motion in a pending foreclosure action against the owner of that property to appoint the Mortgagee as receiver, his submission to the Superior Court of an allegedly over-reaching order appointing a receiver ("Receiver Order"),[1] and Attorney Liberty's and the Mortgagee's securing of the property pursuant to the Receiver Order following its entry by the Superior Court.

II.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and derives its authority to hear and determine this matter on reference from the District Court pursuant to 28

---

[1] The Mortgagee moved the Superior Court for appointment of a receiver on September 11, 2018. After being directed to do so by the Superior Court, the Mortgagee filed a proposed order on October 11, 2018, which the trial court granted on October 29, 2018. The Receiver Order, as entered, provided for, *inter alia*, the appointment of the Mortgagee as receiver and directed her to secure the premises, change the locks, and maintain the property.

U.S.C. §§ 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (G).

III.  FACTS AND PROCEDURAL HISTORY

The material facts in this matter are not in dispute and were established in the uncontested representations and proffers of each party during the hearing on this Motion on January 11, 2019 (ECF No. 39). At the outset, the Court notes that this dispute is founded upon ostensible rancor cultivated in various cases[2] and claims where the parties have vigorously and hotly contested their respective positions over many motions over many years. The Debtor had occupied and operated a restaurant on the subject property pursuant to a disputed lease. That business has ceased to operate for at least two years, and the Debtor filed for Chapter 7 relief in this Court on January 18, 2017. The property was owned by the Debtor's affiliate, Riverview Realty Associates, LLC ("Riverview"), which also filed for Chapter 7 relief in 2017.

Riverview has been involved in its current state court foreclosure proceedings with the Mortgagee since 2014. This Court had previously granted stay relief in the Riverview bankruptcy proceeding (Docket No. 17-20966, ECF No. 87) on September 7, 2018, enabling the Mortgagee to proceed with its foreclosure. The Respondents have done so by filing a motion in the Superior Court dated September 11, 2018 seeking to appoint the Mortgagee as receiver to secure the property. The foreclosure is otherwise in the pretrial stage but ostensibly ready for trial. At all pertinent times, the parties and the Superior Court were sufficiently on notice of the pending bankruptcy of the Debtor, the automatic stay, and the relief that had been accorded by this Court against Riverview. The record of such proceedings evidences such mindfulness and the

---

[2] Without objection from the parties, this Court has taken judicial notice of the dockets of the following proceedings: (1) the present Chapter 7 case, *In re Thames Rest. Grp., LLC*, Docket No. 17-20966; (2) the Chapter 7 bankruptcy case of the Debtor's affiliate, *In re Riverview Realty Assocs., LLC*, Docket No. 17-20052; and (3) the foreclosure case involving both debtors, *Mase v. Riverview Realty Assocs., LLC*, Superior Court, judicial district of New London, Docket No. CV-14-6022015-S.

2

appropriate stay of foreclosure relief against the Debtor. *See Mase v. Riverview Realty Assocs.*, Superior Court, judicial district of New London, Docket No. CV-14-6022015-S, Docket Entries 166.00 (Notice of Bankruptcy), 169.00 (Plaintiff's Caseflow Request), 174.00 (Plaintiff's Motion for Judgment against Riverview only), 178.00 (Defendant's Objection to Motion for Judgment), 182.00 (Trial Management Report), and 189.00/190.00 (Motion for Continuance).

Notwithstanding the Mortgagee's stay relief that authorized it to proceed with its foreclosure against Riverview, the Debtor asserts that the Respondents' actions nonetheless violated the automatic stay in that the prosecution of the foreclosure and Receiver Order against Riverview impacted the Debtor and its property and caused the restaurant locks to be changed so as to bar access to the premises and its restaurant equipment.[3] Importantly, at no time pertinent to this dispute has the Debtor actually sought such access or even inquired about it or sought relief from or modification of the Receiver Order in any court.

IV. CONCLUSIONS OF LAW

Section 362 of the Bankruptcy Code, otherwise known as the Automatic Stay, is clearly the most well-known and fundamental protection of the Bankruptcy Code. The parties have acknowledged awareness of its provisions and effect, and the presiding state court judges, also mindful of it, acted reservedly with respect to the dispositions upon the foreclosure. Indisputably, it was understood that the foreclosure could proceed against Riverview but would be stayed

---

[3] The Debtor also claims in the Motion that continued pursuit of the foreclosure "require[d] attendance at court," a claim that ignores that the Debtor and Riverview share both a principal and legal counsel.

Further, at oral argument, the Debtor raised, for the first time, the issue that the continued prosecution of the foreclosure proceedings interfered with the Debtor's right, as lessee, to redeem the property. The Court has no obligation to address this unbriefed issue but will briefly note that, although "a lessee has a right to redeem[,]" *Storrs v. Pannone*, 113 Conn. 328, 331, 155 A. 234 (1931), a tenant with an unrecorded lease is not entitled to a law day. *City of Bridgeport v. 2284 Corp., Inc.*, 63 Conn. App. 624, 626–27, 778 A.2d 222, *cert. denied*, 258 Conn. 904, 782 A.2d 136 (2001); Conn. Practice Book § 10-69. Perhaps most salient, no such law days have passed or even been set. The automatic stay, however, has the effect of removing the Debtor from the foreclosure proceeding during its pendency, which will require the Mortgagee to proceed against the Debtor separately should she seek an ejectment. *See* 63 Conn. App. at 627.

3

against the Debtor.[4] The Debtor argues such process wrongfully impacted its property rights. In doing so, the Debtor relies on a mistaken reading of the statutory principles for its claimed stay violations. Pertinent here, 11 U.S.C. §§ 362(a)(1) and (2) prohibit:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title; [and]
> (2) the enforcement, *against the debtor or against property of the estate*, of a judgment obtained before the commencement of the case under this title[.]

(emphasis added). Section 362(a)(5) prohibits "any act to create, perfect, or enforce *against property of the debtor any lien* to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]" (emphasis added). The record herein demonstrates no violations of these parameters.

A review of the Debtor's bankruptcy docket reveals that when the Chapter 7 Trustee had previously determined that there were no assets of the Debtor to administer on or about April 13, 2018, she abandoned any claim to property of the bankruptcy estate in what existed at the restaurant (ECF No. 26), so that it consequently revested with the Debtor. Under 11 U.S.C. § 362(c)(1), the trustee's relinquishment of the property of the estate terminated any stay protecting such property. *See In re Beaudoin*, 160 B.R. 25, 32 (Bankr. N.D.N.Y. 1993) ("[T]he automatic stay of actions against property of the estate ceases being applicable to property once it has been abandoned by the trustee."). Thereafter, no stay remained in place to protect the Debtor's property. Importantly, 11 U.S.C. § 362(a)(1) *did* prohibit continuation of the foreclosure against the Debtor; however, in this instance, that has happened. *See Mase v.*

---

[4] While the Trustee has filed her Report of No Distribution and abandoned any estate property, the administrative task of the Clerk formally closing this Chapter 7 estate had not yet come to pass. That closing would have resolved all concern about the stay's termination in relation to the Debtor or its property. *See* 11 U.S.C. § 362(c)(2)(A).

*Riverview Realty Assocs.*, Superior Court, judicial district of New London, Docket No. CV-14-6022015-S, *supra*. Further, § 362(c)(5), relied upon by the Debtor, is simply not applicable by its terms to provide any shield for property of the Debtor where no lien was enforced against its property.

This Court is satisfied that no stay violation ever took place or has been proven here. Accordingly, the Court finds that: 1) the foreclosure case was appropriately treated by the state court judges and the Respondents as stayed against the Debtor by its bankruptcy filing, as evidenced by the docket entries of the Superior Court; 2) Attorney Liberty properly and explicitly refrained from seeking a foreclosure judgment or other relief against the Debtor until later proceedings; and 3) while the Receiver Order enabled the Mortgagee, as receiver, to secure and lock the property, nothing in its terms precluded the Debtor's request for access to its equipment or otherwise, and no request for access to the property or clarification of the Receiver Order was ever sought by the Debtor. Instead, what we have here is that the Debtor has laid in wait and allowed its restaurant premises to persist in squalor and vulnerability to trespass and waste. It now seeks herein to simply strike back at the Mortgagee as the bankruptcy and foreclosure cases advance to closure. The Debtor has exaggerated the Respondents' actions in requesting that this Court find willful, but unproven, stay violations in the Respondents' conduct and award the recovery of a variety of unsubstantiated, undefined, and not proximately related damages. The amorphous damage claims here are no more supportable than the liability claims. Any damage here is clearly the result of the Debtor's indolence or indifference and not the Respondents' actions.

Upon examination of this record and the arguments of counsel, and after consideration of the mandates and policy of 11 U.S.C. § 362, this Court finds that the Debtor's Motion is without

substance or merit.[5]

V.      CONCLUSION AND ORDER

For the foregoing reasons, the Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 28th day of January, 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[5] Given the Trustee's Report of No Distribution and the imminent closing of this case because there is no case to administer, this Court would readily have granted stay relief *nunc pro tunc* under 11 U.S.C. §§ 362(d)(1) and (d)(2) to avoid any unintended and inconsequential claim of a stay violation caused by the scope of the Receiver Order. That Receiver Order, however, has neither offended this Court nor the mandates of the automatic stay.